IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LARRY G. TINKER,

    Defendant.                           No. 07-CR-30180-DRH-PMF

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

## I.  INTRODUCTION

The defendant pleaded guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 26, 2009, the Court sentenced defendant to a term of 262 months' imprisonment followed by ten years of supervised release upon release from imprisonment and Judgment was entered (Doc. 79).

On June 15, 2015, defendant filed a *pro se* motion seeking a reduction in his sentence based upon Amendment 782 and the retroactive drug quantity guidelines (Doc. 97). The Court directed the matter be referred to the Office of the Federal Public Defender (Doc. 98). Thereafter, the Federal Public Defender filed a motion to withdraw as attorney (Doc. 100). Counsel states defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c)(2)  because

defendant was sentenced as a career offender. As a career offender defendant's guideline range does not change as a result of Amendment 782. The defendant was given an opportunity to respond to the motion to withdraw but has failed to file any responsive pleading.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13–2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

In the instant case, defendant is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

18 U.S.C. § 3582(c)(2). Amendment 782 lowers the base offense level for most drug quantity offenses under § 2D1.1. However, Amendment 782 did not lower the sentencing range established for a career offender by § 4B1.1.

When the defendant was sentenced, he was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines.[1] Since the defendant's base offense level was determined by his career offender status under § 4B1.1, not the drug quantity table, he is not eligible for a reduction.

Because the defendant cannot satisfy the requirements of 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the pending motion to reduce (Doc. 97), **GRANTS** the pending Motion to Withdraw as Attorney (Doc. 100), and **ORDERS** that counsel David L. Brengle is **WITHDRAWN** from this matter.

**FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

**IT IS SO ORDERED.**

Signed this 22nd day of September, 2015.

Digitally signed by David R. Herndon
Date: 2015.09.22 12:48:32 -05'00'

**United States District Court**

---

[1] The defendant's career offender status was based on the defendant having two or more prior felony convictions involving a controlled substance (Doc. 76 ¶ 41).