IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-cr-30180-SMY |
| | ) |
| LARRY G. TINKER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Larry G. Tinker was sentenced on June 26, 2009 to 262 months imprisonment for conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1) (Docs. 77, 79). He is currently housed at FCI Forrest City Low and his projected release date is August 23, 2025.

Now pending before the Court is Tinker's Motion for Compassionate Release pursuant to the First Step Act of 2018. The Government has responded in opposition (Doc. 187). For the following reasons, the motion is **DENIED.**

## Background

COVID-19 is a contagious virus spreading across the United States and the world. Individuals with certain underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of severe illness and death from the virus. People Who Are at Higher Risk for Severe Illness, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited January 7, 2022). As of January 7, 2022, there were 3 positive COVID-19 cases among inmates and 4 positive staff members at FCI Forrest City Low. No inmates have died from the virus and 583 have recovered. See https://www.bop.gov/coronavirus/ (last visited January 7, 2022). FCI Forrest City Low has a current inmate population of 1,618. See

https://www.bop.gov/locations/institutions/mcr/ (last visited January 7, 2022).

Tinker is 71 years old and suffers from hypertension, atrial fibrillation, and COPD (Doc. 187-1, pp. 85-86).  While Tinker has been fully vaccinated, he asserts that he remains at risk for severe illness due to his age, medical conditions, and the continued presence of COVID-19 at the facility.  Tinker also maintains that compassionate release is warranted because he would be subjected to a lower mandatory minimum and guideline sentencing range if he were sentenced today.

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  A defendant seeking compassionate release must first request that the BOP file a motion seeking the same.  *Id*.  If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest.  *Id*.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and continues to represent a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation – practices that are difficult to maintain in a prison setting.  There continues to be outbreaks of COVID-19 in prisons despite the safety protocols and policies that have been implemented.

Tinker alleges that he is at an increased risk from contracting COVID-19 and suffering severe illness should he do so because suffers from serious health conditions, including hypertension, COPD, and atrial fibrillation.  According to the CDC, individuals with hypertension and COPD *may* be at an increased risk of severe illness if they contract COVID-19.  However, Tinker has been fully vaccinated

and has not established that he is unable to medically benefit from that vaccination. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [the compassionate release] statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.") ; *see also United States v. Howie*, No. 20-3445, 2021 WL 3611771, at *4 (7th Cir. Aug. 16, 2021). Further, FCI Forrest City Low currently only has 3 infected inmates out of an inmate population of 1618. Considering the totality of circumstances, the undersigned concludes that Tinker does not present an extraordinary and compelling reason for his release at this time.

As a separate basis for compassionate release, Tinker next asserts that he would be subjected to a lower mandatory minimum and guideline sentencing range if he were sentenced today. But a change to a statutory sentencing scheme which results in a lower sentence or lower sentencing guideline ranges for the same conviction today does not constitute an "extraordinary and compelling" reason to reduce a sentence lawfully imposed at the time of sentencing. *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021). There must be some other independent "extraordinary and compelling" reason for a sentence reduction, such as extraordinary health circumstances involving terminal illness. *Id.* at 574. Here, no other independent extraordinary and compelling reasons warranting a sentenced reduction have been provided.

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) as Amended by the First Step Act of 2018 (Doc. 184) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 13, 2022**

**STACI M. YANDLE**
**United States District Judge**