**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-cr-30180-SMY** |
| | ) | |
| **LARRY G. TINKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**YANDLE, District Judge:**

Defendant Larry G. Tinker was sentenced on June 26, 2009 to 262 months imprisonment for conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1) (Docs. 77, 79).  He is currently housed at FCI Forrest City Low, and his projected release date is August 23, 2025.

On January 13, 2022, this Court denied Tinker's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 189).  The Court found that although Tinker's age and health conditions may have made him more vulnerable to contracting COVID-19, he had been fully vaccinated and had not established an inability to benefit from the vaccine.  Additionally, the Court rejected Tinker's argument that compassionate release was warranted because he would be subjected to a lower mandatory minimum and guideline sentencing range if he were sentenced today.

Now pending before the Court is Tinker's Motion for Reconsideration (Doc. 194).  Tinker maintains that the Court did not address his five separately asserted bases for compassionate release, including: (1) his multiple deteriorating physical and medical conditions associated with the aging process; (2) his age, deteriorating health conditions, and the percent of his time served;

(3) his health conditions and age combined with the threat of COVID-19; (4) changes in the applicable law would have resulted in a lower sentence if he were sentenced today; and (5) all of the four individuals reasons combined constituted an extraordinary and compelling circumstance.

Although not mentioned specifically in the Federal Rules of Criminal Procedures, motions for reconsideration in criminal cases are proper and, if filed within the appeal period, will defer the running of that period until the motion is resolved.  *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6 (1991).  Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered."  *United States v. Redmond*, No. 3:14-cr-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020)).

In denying Tinker's motion, the Court discussed his health issues, the presence of COVID-19 at the facility, and his sentencing arguments.  Tinker raises no specific misunderstanding or error in the Court's exercise of its discretion to deny him compassionate release or to any material change in facts since that decision; he merely disagrees with the Court's conclusion.  Accordingly, Tinker's motion for reconsideration (Doc. 194) is **DENIED**.

IT IS SO ORDERED.

DATED:  April 6, 2023

**STACI M. YANDLE**
**United States District Judge**